IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ST. JOSEPH HEALTH CENTER, LLC, and
ST. JOSEPH OPERATING COMPANY, LLC,

                Plaintiffs,

v.                              CIVIL ACTION NO.   2:25-cv-00579

CEDAR HOLDINGS, LLC,

                Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

The Court has reviewed the *Plaintiffs' Motion for Costs and Attorney Fees Pursuant to Rule 4(d)(2)* (Document 7) and the *Plaintiffs' Motion for Default and Final Confirmation of Arbitration Award* (Document 10).

The Plaintiffs' *Complaint for Confirmation of Arbitration Award* (Document 1), filed on April 21, 2025, seeks confirmation of an arbitration award pursuant to 9 U.S.C. §13. The Plaintiffs submitted a dispute regarding an alleged breach of contract to arbitration. The Defendant indicated that it would not appear or present a defense, and the arbitrator entered an award in favor of the Plaintiffs. The Plaintiffs were awarded $500,000 in damages for the breach of contract claims, $106,442.15 in attorney fees and costs, pre-judgment interest at a rate of 8.25% from July 6, 2023 until the date of the award, and post-judgment interest at the legal rate.

The Plaintiffs filed this action on April 21, 2025. They indicate that they requested waiver of service, pursuant to Federal Rule of Civil Procedure 4(d)(1), in a letter sent on or about May 7,

2025. The letter was delivered on May 8, 2025. The Defendant did not accept service, and the Plaintiffs effectuated personal service through a process server on August 13, 2025. The Plaintiffs incurred costs of $195.00 for the process server and $980.00 in attorney fees in preparing the motion for costs and fees. They seek to recover those costs pursuant to Rule 4(d)(2), which provides that such costs must be imposed on a defendant who "fails, without good cause, to sign and return a waiver requested by a plaintiff." Fed. R. Civ. P. 4(d)(2). The Plaintiffs attached supporting documentation, and the Defendant has not appeared in this matter, including to oppose the motion for fees. Accordingly, the Court **ORDERS** that the *Plaintiffs' Motion for Costs and Attorney Fees Pursuant to Rule 4(d)(2)* (Document 7) be **GRANTED** and that the Defendant pay costs and attorney fees to the Plaintiffs in the total amount of **$1,175.00**.

Default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) provides for entry of default by the clerk when a party fails to plead or otherwise defend the action. Fed. R. Civ. P. 55(a). Following entry of default, the Plaintiff may seek default judgment by the clerk if the claim is for a sum certain, or by the Court in all other cases. Fed. R. Civ. P. 55(b)(1). "When the party against whom a default judgment is sought fails to make an appearance or fails to respond to the motion for default judgment, the court must determine if default judgment is appropriate based upon the allegations of the pleading," accepting factual allegations as true. *Matrix Fin. Servs. Corp. v. Hall*, No. 3:16-CV-09438, 2017 WL 3142337, at *2 (S.D.W. Va. July 25, 2017) (Eifert, M.J.) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001).

Upon review of the Plaintiffs' complaint, motion, and supporting documentation, the Court finds that a hearing is unnecessary. The Defendant did not appear or present evidence during the

arbitration proceedings and has not appeared or presented evidence here. The motion and documentation set forth the amount due, and the Defendant corporation is neither a minor nor an incompetent person. Thus, the Court finds that the Plaintiffs have established that they are entitled to default judgment and confirmation of the arbitration award.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiffs' Motion for Default and Final Confirmation of Arbitration Award* (Document 10) be **GRANTED**. The Court further **ORDERS** that judgment be entered in favor of the Plaintiffs and against the Defendant. The Court **ORDERS** that the Final Arbitration Award issued against the Defendant in Judicial Arbitration and Mediation Services, Inc. ("JAMS") Case No. 5300000428 on September 22, 2024, is hereby **CONFIRMED** pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, and that the Defendant be required to pay the Plaintiffs as follows:

a. All amounts awarded in the Final Arbitration Award:

    i. $500,000.00 on the Plaintiff's breach of contract claim;

    ii. $106,442.15 in attorney fees and costs;

    iii. Pre- and post-judgment interest on the Final Arbitration Award until such amounts are paid by the Defendant at the legal rate of interest for post-judgment interest of 8.25% in the State of Texas as of July 2023;

b. All costs and fees associated with the present action:

    i. $405.00 in filing fees;

    ii. $1,175.00 in costs and attorney fees as set forth in the Plaintiffs' Motion for Costs and Attorneys Fees Pursuant to Rule 4(d)(2), as ordered herein; and

    iii. Post-judgment interest on the award of fees on costs related to the present matter until such amounts are paid by the Defendant at the current legal rate of interest for post-judgment interest of 7.50% in the State of Texas as of September 2025.

Finally, the Court **ORDERS** that this matter be **DISMISSED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

    ENTER:     January 6, 2026

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA